IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

GEORGE FOWLER and MARILYN POTTER, )
    Plaintiffs, )
)    No. **2:10CV0065**
)    JURY DEMAND
)    JUDGE HAYNES
FENTRESS COUNTY, TENNESSEE and )
FRED R. "BUTCH" BLEVINS, in his official )
and individual capacities, )
    Defendants. )

## INITIAL CASE MANAGEMENT ORDER

I. **Jurisdiction and Venue**

Jurisdiction is pursuant to 42 U.S.C. §1983, *et. seq.* and T.C.A. § 50-1-304. Jurisdiction and venue are not in dispute.

II. **Parties' Theory of the Case.**

1. Plaintiff's Theory of the Case

The plaintiffs are former employees of Fentress County, Tennessee and the county's highway department. Individual Defendant Fred R. "Butch" Blevins is the county highway commissioner for Fentress County. He recently won re-election despite his legal problems. Blevins was the direct supervisor of the plaintiffs. On December 9, 2009 Defendant Blevins was indicted by the Fentress County Grand Jury for official misconduct and theft. It was the theory of the state that Blevins misappropriated scrap metal owned by the county and sold it for cash at recycling center in Overton County, Tennessee. At the center of the government's investigation were the plaintiffs, who were involved in delivering some of the scrap metal and turning over cash

1

to Blevins. The plaintiffs were cooperating witnesses against Blevins, who was aware of their cooperation. In fact, it is the theory of the plaintiffs that Blevins urged the plaintiffs to lie and cover-up his wrongdoing. The plaintiffs refused Blevins's multiple requests to lie to investigators. On June 7, 2010, Blevins pled *nolo contendere* to one (1) count of official misconduct and received a probated sentence upon judicial diversion. At the time of his plea, Blevins signed a stipulation of expected testimony in which George Fowler was prominently noted. It is important to note the plaintiffs are boyfriend and girlfriend and reside together. Blevins was warned not to retaliate against employees of the county who cooperated with the state in its investigation. It was even made a condition of his probation. However, on June 7, 2010, the same day as his plea before the Criminal Court of Fentress County, Tennessee, Blevins executed a separation notice for each of the plaintiffs citing a "lack of work" as the reason for their layoff. It is the theory of the plaintiffs this stated basis for the termination was pure pre-text. It is also the theory of the plaintiffs their layoff was retaliation for their cooperation with the government investigation and their refusal to lie for Blevins. It is the theory of the plaintiffs the conduct of Blevins and Fentress County, Tennessee was a violation of state and federal law. The plaintiffs were subsequently offered their jobs back, but only at the insistence of the Tennessee Bureau of Investigations and the District Attorney's Office. Given Mr. Blevins's conduct and level of acrimony, the plaintiffs choose not to return to work. It is the theory of the plaintiffs they can no longer work for Blevins. It is the theory of the plaintiffs that the defendants violated their First Amendment rights and retaliated against them for simply telling the truth to investigators. Accordingly, they lost their jobs.

2

2. Defendant's Theory of the Case

A. Theory of Defendant Fentress County, Tennessee

Prior to June 7, 2010, Fentress County Highway Department employed the plaintiffs. However, on June 7, 2010 the plaintiffs were temporarily laid off for reasons as outlined in the defense theory of Defendant Blevins. This defendant did not violate the rights of the plaintiffs' protected by the United States Constitution or any state law. This defendant did not retaliate against plaintiffs nor were the reasons for the temporary lay off pretextual.

This defendant asserts the plaintiff has failed to state a claim upon which relief may be granted, that no custom or policy exists which resulted in a deprivation to the plaintiff or a violation of any federal or state law, that this defendant is entitled to immunity for all relevant claims, and that this matter should be dismissed in its entirety due to insufficiency of service of process. Additionally, this defendant seeks reasonable attorney's fees pursuant to § 1988.

B. Theory of Defendant Fred R. "Butch" Blevins

The Plaintiffs were neither terminated nor retaliated against, nor did they suffer the deprivation of any rights or privileges in the contemplation of the Civil Rights Acts as embodied in 42 U.S.C. 1983 or 1985.

The Plaintiffs were given temporary lay-off slips on June 7, 2010. The slips were attached to their time cards and picked up when they finished work that day.

The Highway Department was nearing the end of its fiscal year on June 30, 2010, and it was necessary to use money in the 2009-2010 budget to complete an asphalt paving project from Allardt to the Banner Springs Community in Fentress County.

Several other employees had been laid off during the previous couple of months to help

3

conserve funds and not cause a budget overrun. The Plaintiffs were the last. (All of the previously laid-off employees have been called back to work).

While the timing of their particular lay-offs was admittedly suspect due to the conclusion of the pending charges against Mr. Blevins earlier the same day; when he realized how his action immediately raised questions, he took counsel and at once on June 8, 2010 personally made a phone call to Plaintiff Potter, who answered Mr. Fowler's cell phone, and informed her to tell him that they could return to work the next day. Also, through communication personally to Mr. Fowler by way of T.B.I. Agent Vincent, Mr. Fowler and Ms. Potter were notified to come back to work with no loss of pay within a day or two of the receipt by Mr. Fowler and Ms. Potter of the lay-off slips. The record of the call to the cell phone of Mr. Fowler, answered by Ms. Potter, made by Mr. Blevins, has been provided to opposing counsel.

Neither Plaintiff made any effort to discuss the matter with Mr. Blevins and neither returned to work. Moreover, they made statements as early as June 8th or 9th, that there would be a lawsuit. This lawsuit, filed about one month before the election in an attempt to defeat Mr. Blevins in the election and was brought in bad-faith.

**III.     Schedule of Pre-Trial Proceedings**

a.     <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

b.     <u>Meeting of Counsel and the Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this can be resolved without

4

Case 2:10-cv-00065   Document 11   Filed 08/19/10   Page 4 of 7 PageID #: 42
Case 2:10-cv-00065   Document 16   Filed 08/25/10   Page 4 of 7 PageID #: 60

further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and the parties made a good faith effort to evaluate the resolution of this case. This report should include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    c.    <u>Discovery Motions</u>

No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issue remain unresolved.

    d.    <u>Other Pre-Trial Discovery Matters</u>

As determined at the case management conference, this action is set for a jury trial on _10/25/11 @ 9am in Cookeville, Tn_.

If this action is to be settled, the Law Clerk shall be notified by noon, _10/25/11_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning the jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on _10/7/11 @ 10:00am in Cookeville, Tn_. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on <u>March 18, 2011</u>. All written

5

discovery shall be submitted in sufficient time so that the response shall be in hand by March 18, 2011. All discovery related statements shall be filed by the close of business on March 25, 2011.

All dispositive motions[1] shall be filed by the close of business on May 2, 2011, and any response thereto shall be filed by the close of business on June 2, 2011. Any reply shall be filed by the close of business on June 9, 2011.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for the purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on May 2, 2011, the Plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on June 2, 2011, the Defendant shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty-five (25) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on <u>June 9, 2011</u>. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. Defendant Fentress County, Tennessee objects to the limitation on deposition of expert witnesses. The Defendant would propose expert depositions, if any, shall occur no later than <u>July 1, 2010</u> if the Court will allow the deposition of experts.

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action and strict compliance is required.

The parties have discussed the issue of electronic discovery, and do not believe electronic discovery will be necessary in this lawsuit. Thus, the parties have intentionally not provided any language regarding electronic discovery.

It is so ORDERED.

ENTERED this the _25th_ day of August, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

APPROVED FOR ENTRY:

/s Michael R.Giaimo
MICHAEL R. GIAIMO, BPR#019394
Attorney for the Plaintiff

/s Melanie S. Lane
MELANIE S. LANE, BPR#026423
Attorney for the Defendant Fred R. "Butch" Blevins

/s Robyn Williams
ROBYN WILLIAMS, BPR#019736
Attorney for Defendant Fentress County, Tennessee

7